UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYL BLISS and HAROLD KELSEY,

    Plaintiffs,

v.                                            Case No: 2:14-cv-710-FtM-38DNF

ETM TAMIAMI, LLC, ANGELA J. ANGELILLI, FRANK G. ANGELILLI and RENAISSANCE MARBLE PRODUCTS, INC.,

    Defendants.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. #31) filed on April 3, 2015. Defendants filed a Response in Opposition on April 17, 2015. (Doc. #33). The Motion is now ripe for review.

### Background

Plaintiffs are two former employees of Defendants. (Doc. #25 at 3). Defendants are the owners of a motel located in Naples, Florida. (Doc. #25 at 4). On May 19, 2011, Defendants hired Plaintiffs to serve as the managers of their motel. (Doc. #25 at 4). Plaintiff Cheryl Bliss agreed to take a weekly salary, starting at $230, to serve in this position. (Doc. #25 at 4). Plaintiff Harold Kelsey, however, alleges that he never received any wages for his work as a manager. (Doc. #25 at 4). Based on these salaries, or lack

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

thereof, Plaintiffs allege that their compensation fell below the minimum wage, in violation of the Fair Labor Standard Act ("FLSA"). (Doc. #25 at 7-8). Plaintiffs also allege that Defendants failed to pay overtime compensation for hours worked above the forty-hour threshold, violating yet another section of the FLSA. (Doc. #25 at 5-7). Defendants filed an Answer denying these allegations and asserted Counterclaims for breach of contract (against Plaintiff Bliss) and unjust enrichment (against both Plaintiffs). (Doc. #29). Plaintiffs now move to dismiss Defendants' Counterclaims for lack of subject matter jurisdiction. (Doc. #31).

## Legal Standard

The general rule under Fed. R. Civ. P. 12(h)(3) is that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim may be challenged both facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). Facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true". *Id.* (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (punctuation omitted).

## Discussion

There is no dispute that the Court retains jurisdiction over Plaintiffs' claims. Instead, the Parties disagreement revolves around whether the Court retains jurisdiction over Defendants' Counterclaims. Defendants assert their state-law Counterclaims on the basis of supplemental jurisdiction, 28 U.S.C. § 1367(a). Plaintiffs argue that jurisdiction

on this basis is not proper because the Counterclaims are permissive and have no independent basis for jurisdiction to support them.  In response, Defendants contend that their Counterclaims are compulsory and qualify for supplemental jurisdiction on that basis.  If, however, the Court finds the Counterclaims to be permissive, Defendants argue that there is an independent basis exception that allows them to stay.

Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction.  See 28 U.S.C. § 1367(a).  This standard "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997) (citation omitted).  When a counterclaim is compulsory, this standard is satisfied.  That is because a compulsory counterclaim itself entails a similar, but stricter, standard – "arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." Montgomery Ward Dev. Corp. v. Juster, 932 F.2d 1378, 1381 (11th Cir. 1991).  But when a counterclaim is permissive, it does not satisfy the § 1367(a) standard, and instead requires an independent basis for jurisdiction – either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

With this standard in mind, the Court must first determine whether Defendants assert compulsory or permissive counterclaims.  To that end, the Court finds that Defendants' Counterclaims are permissive.  The operative facts necessary to support Plaintiffs' FLSA claims include 1) Defendants' status as an employer defined by the FLSA; 2) Plaintiffs' status as an employee as defined by the FLSA; 3) the number of hours Plaintiffs worked per week; and 4) the rate Defendants compensated Plaintiffs for those

hours.  It is doubtful that these operative facts would support Defendants' Counterclaims for breach of contract and unjust enrichment.

But the discussion does not end here.  Even though the Counterclaims are permissive, the Court may retain jurisdiction over the Counterclaims if there is an independent basis for jurisdiction or an exception.  The Parties agree that there is not an independent basis for jurisdiction – the Counterclaims are state-law claims and the Parties are not diverse in citizenship.  There is, however, a disagreement about whether an exception applies.  Defendants note that several courts in this district have held that a court retains jurisdiction over permissive counterclaims, with no independent basis for federal jurisdiction, if they only seek a setoff.  (Doc. #33 at 6).  But Plaintiffs cite a binding[2] Fifth Circuit case that they believe prohibits counterclaims against plaintiffs in FLSA actions "for money an employer claims it is owed or damages allegedly caused by tortious conduct."  (Doc. #31 at 6 (citing *Brennan v. Heard,* 491 F.2d 1 (5th Cir. 1974)).  The Court finds Defendants' argument persuasive.

As Defendants correctly state, "[t]he Fifth Circuit has since clarified the ruling in *Brennan* and stated that *Brennan* does not stand for the proposition that setoffs are never allowed in FLSA cases."  (Doc. #33 at 8); *Robinson,* 2007 WL 4468695, at *2 (citing *Singer v. City of Waco, Texas,* 324 F.3d 813, 828 n.9 (5th Cir. 2003)).  Today, courts may retain jurisdiction over permissive counterclaims in FLSA actions, without an independent jurisdictional basis, if the permissive counterclaim is only seeking a setoff.  *See Robinson,* 2007 WL 4468695, at *3 (collecting cases).  In other words, the permissive counterclaim may not seek affirmative relief.  *Id.*  Otherwise, it must be dismissed.  *Id.*

---

[2] *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th. Cir. 1981) (holding that all Fifth Circuit cases prior to October 1, 1981, are binding in the Eleventh Circuit).

A review of Defendants' Counterclaims reveals that they all seek affirmative relief. (Doc. #29 at 17-19). Therefore, the Court lacks subject matter jurisdiction over these claims, and they must be dismissed. *Robinson*, 2007 WL 4468695, at *3. However, because Counterclaims II and III appear to qualify as claims for setoff, the Court grants Defendants leave to amend these two Counterclaims so that they only seek "setoff for the purpose of reducing any recovery [Plaintiffs] might obtain on [their] main claims." *Cole v. Supreme Cabinets, Inc.*, Case No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, at *4 (M.D. Fla. June 12, 2007). If Defendants wish to recover on Counterclaim I for breach of contract, or for the full amount of Counterclaims II and III for unjust enrichment, they "must file a separate action in the appropriate forum." *Id.* (citation omitted).

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. #31) is **GRANTED**.

2. Defendants have until **May 11, 2015**, to file their amended Counterclaims in accordance with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida, this 27th day of April, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record