UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYL BLISS and HAROLD KELSEY,

    Plaintiffs,

v.                              Case No:   2:14-cv-710-FtM-38MRM

ETM TAMIAMI, LLC, ANGELA J.
ANGELILLI, FRANK G. ANGELILLI and
RENAISSANCE MARBLE PRODUCTS,
INC.,

    Defendants.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the parties' Joint Motion to Approve Settlement Reached at Mediation, and Dismiss Case with Prejudice (Doc. 69) and Settlement Agreement and Release (Doc. 69-1) filed on October 21, 2015. Plaintiffs Cheryl Bliss and Harold Kelsey together with Defendants ETM Tamiami, LLC, Angela Angelilli, Frank Angelilli, and Renaissance Marble Products, Inc. request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

    To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to

recover back wages.  *Id*.  When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, Plaintiffs alleged that Defendants violated the FLSA by failing to pay overtime and minimum wages.  (Doc. 69 at 1) (citing Doc. 16 at 6 ¶ 35).  Defendants deny Plaintiffs' allegations and deny any liability.  *Id.*  Specifically, the parties contested FLSA coverage, whether Plaintiff Kelsey was an employee, the hours Plaintiffs worked, credits for board, lodging, and other facilities, and Defendants' willfulness.  (*Id.* at 3-7).  Additionally, Defendants asserted counterclaims of unjust enrichment against Plaintiffs.  (*Id.* at 7).  Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to provide "finality."  (Doc. 69 at 7-9).  The parties indicate that the settlement allows everyone to "move on with their lives."  *Id.* Additionally, the parties contend that the settlement is reasonable because it lessens the length and expense of litigation.  (*Id.* at 8).

The total amount of the settlement, including attorneys' fees, is $100,000.00 plus the

costs of mediation (approximately $3,000). (*Id.* at 2). Plaintiff Bliss will receive $12,750.00 representing unpaid wages, less appropriate withholdings, and $12,750.00 representing liquidated damages. *Id.* Plaintiff Kelsey will receive $12,750.00 representing unpaid wages, less appropriate withholdings, and $12,750.00 representing liquidated damages. The Court reviewed the Settlement Agreement and Release (Doc. 69-1) and finds that the terms of the Settlement Agreement are reasonable as to wages and liquidated damages.

Regarding attorneys' fees and costs, Defendants agreed to pay $49,000.00 representing Plaintiffs' reasonable attorneys' fees and costs in this action. (Doc. 69 at 2). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the present case, the amount of attorneys' fees was negotiated as a separate amount from the amount to be paid to Plaintiffs. (Doc. 69 at 2). Because attorneys' fees and costs

were determined separately and apart from Plaintiffs' recovery, the Court finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Settlement Agreement and Release (Doc. 69-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion to Approve Settlement Reached at Mediation, and Dismiss Case with Prejudice (Doc. 69) be **GRANTED** and that the Settlement Agreement and Release (Doc. 69-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the District Judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Respectfully recommended in Chambers in Fort Myers, Florida on October 27, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties